### DELBERT KING v. THE STATE.

No. 16344. Delivered January 31, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 128.

The opinion states the case.

L. C. *Counts*, of Olney, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

There is but one bill of exception in the record. Its complaint is of the refusal of the court to give a peremptory instruction for a verdict of not guilty. The ground of the motion is the insufficiency of the testimony.

We have reviewed the testimony carefully. One McCord had a radio shown by the state's proof to be worth $75.00. On Thursday, January 12, 1933, some one took the radio from McCord's room. Appellant was at the house that day. He heard the radio playing and asked McCord if it was a Texas Electric radio, and McCord told him it was. Appellant asked to see the radio and McCord showed it to him. Appellant and a codefendant, one Obie Wood, came back to the house that afternoon about three o'clock and stayed about an hour. The radio was taken that night. The house of Mr. McCord was located at Seymour in Baylor county. A witness named Shannon testified that he lived in Fort Worth and knew the appellant; that appellant and a tall boy drove up to his filling station and told him they had a radio and were broke and wanted to leave it with him and get some money on it; also that he let them have $22.50 on the radio, which he put on the inside of his place of business. Mr. Holmes, Sheriff of Baylor County, and Mr. Rhodes, a deputy sheriff of Fort Worth, came and got this radio a few days later. He said it was a tall cabinet radio about three feet high and two feet wide; and a picture of a radio shown him was like the one he got from appellant; also that it was about seven-thirty or eight o'clock on the morning of the 13th of January, 1933, when they brought it to his place. Sheriff Holmes of Baylor county testified that about January 18th he went to Shannon's place of business in Fort Worth and there found a radio which he got and brought back to Seymour, and turned it over to Mr. Hart of the Texas Electric Service Company. Mr. Hart testified that he lived in Seymour and handled Radios, and had rented or leased one to Harold McCord in December, 1932; that he afterwards saw that radio in Fort Worth, and it was

brought back by Mr. Holmes and turned over to them. He said that this was the same radio that he let McCord have according to the serial number, which he said he had checked. He testified that it was a new radio in December, 1932, worth $93.50, and that in January its market value would be $75.00. He was shown a picture of a radio and said it was an exact likeness of the radio in question.

Appellant introduced some testimony for the purpose of showing that the depreciation of a radio that had been used a month or so might be enough to bring the value of one like this stolen radio beneath $50.00. On cross-examination the witness testified that he never had bought an electric radio from the Texas Electric Service Company, and did not know much about them. Mr. McDuffie was introduced by the state in rebuttal and testified that he was employed by the Texas Electric Service Company, had handled radios about seven years, and was familiar with their market value; that he had seen the radio in question, had checked it by the serial number and knew it was the same one McCord leased from the company, and that its market value in January was $75.00. Morris Randall gave substantially the same testimony. Mr. Quisenberry testified that on or about the 13th of January, 1933, he saw appellant and Obie Wood between Fort Worth and Jacksboro; they seemed to be having car trouble. He stopped and spoke to them. He said this was a few days before they were arrested. The Fort Worth and Jacksboro road runs in the general direction of from Fort Worth to Seymour. We are not able to say that the verdict is not without sufficient testimony to support it. The case was submitted to the jury under the law of circumstantial evidence, and they have solved the questions of fact against appellant.

The judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for rehearing is practically the same as that found in the companion case, No. 16,343, State of Texas v. Obie Wood.*

We have no doubt about the evidence being sufficient. The motion for rehearing is overruled.

*Overruled.*

*(Page 662 of this volume).